THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| **Gary Accord, Individually and on behalf of all others similarly situated** | **CIVIL ACTION No. _____** |
| v. | **CLASS ACTION COMPLAINT** |
| **Anderson County, Tennessee;** | |
| **Bedford County, Tennessee;** | |
| **Benton County, Tennessee;** | |
| **Bledsoe County, Tennessee;** | |
| **Blount County, Tennessee;** | |
| **Bradley County, Tennessee;** | |
| **Campbell County, Tennessee;** | |
| **Cannon County, Tennessee;** | |
| **Carroll County, Tennessee;** | |
| **Carter County, Tennessee;** | |
| **Cheatham County, Tennessee;** | |
| **Chester County, Tennessee;** | |
| **Claiborne County, Tennessee;** | |
| **Clay County, Tennessee;** | |
| **Cocke County, Tennessee;** | |
| **Coffee County, Tennessee;** | |
| **Crockett County, Tennessee;** | |
| **Cumberland County, Tennessee;** | |
| **Davidson County, Tennessee;** | |

1

**Decatur County, Tennessee;**

**DeKalb County, Tennessee;**

**Dickson County, Tennessee;**

**Dyer County, Tennessee;**

**Fayette County, Tennessee;**

**Fentress County, Tennessee;**

**Franklin County, Tennessee;**

**Gibson County, Tennessee;**

**Giles County, Tennessee;**

**Grainger County, Tennessee;**

**Greene County, Tennessee;**

**Grundy County, Tennessee;**

**Hamblen County, Tennessee;**

**Hamilton County, Tennessee;**

**Hancock County, Tennessee;**

**Hardeman County, Tennessee;**

**Hardin County, Tennessee;**

**Hawkins County, Tennessee;**

**Haywood County, Tennessee;**

**Henderson County, Tennessee;**

**Henry County, Tennessee;**

**Hickman County, Tennessee;**

**Houston County, Tennessee;**

**Humphreys County, Tennessee;**

**Jackson County, Tennessee;**

**Jefferson County, Tennessee;**

**Johnson County, Tennessee;**

**Knox County, Tennessee;**

**Lake County, Tennessee;**

2

**Lauderdale County, Tennessee;**

**Lawrence County, Tennessee;**

**Lewis County, Tennessee;**

**Lincoln County, Tennessee;**

**Loudon County, Tennessee;**

**Macon County, Tennessee;**

**Madison County, Tennessee;**

**Marion County, Tennessee;**

**Marshall County, Tennessee;**

**Maury County, Tennessee;**

**McMinn County, Tennessee;**

**McNairy County, Tennessee;**

**Meigs County, Tennessee;**

**Monroe County, Tennessee;**

**Montgomery County, Tennessee;**

**Moore County, Tennessee;**

**Morgan County, Tennessee;**

**Obion County, Tennessee;**

**Overton County, Tennessee;**

**Perry County, Tennessee;**

**Polk County, Tennessee;**

**Pickett County, Tennessee;**

**Putnam County, Tennessee;**

**Rhea County, Tennessee;**

**Roane County, Tennessee;**

**Robertson County, Tennessee;**

**Rutherford County, Tennessee;**

**Scott County, Tennessee;**

**Sequatchie County, Tennessee;**

3

**Sevier County, Tennessee;**

**Shelby County, Tennessee;**

**Smith County, Tennessee;**

**Stewart County, Tennessee;**

**Sullivan County, Tennessee;**

**Sumner County, Tennessee;**

**Tipton County, Tennessee;**

**Trousdale County, Tennessee;**

**Unicoi County, Tennessee;**

**Union County, Tennessee;**

**Van Buren County, Tennessee;**

**Warren County, Tennessee;**

**Washington County, Tennessee;**

**Wayne County, Tennessee;**

**Weakley County, Tennessee;**

**White County, Tennessee;**

**Williamson County, Tennessee;**

**Wilson County, Tennessee;**

4

Case 3:21-cv-00077   Document 1   Filed 02/01/21   Page 4 of 20 PageID #: 4

**TABLE OF CONTENTS**

**CLASS ACTION COMPLAINT**……………..……………………………………………………………6

**JURISDICTION AND VENUE**……………………………………………………….6, 7

**INTRODUCTION**…………………………………………………………………………...7

**PARTIES AND FACTS**……………………………….…………………………………7, 8

**GENERAL SESSIONS COURTS**……………………………………………………….8, 9, 10

**COMMENCEMENT OF PROSECUTION IN TENNESSEE**………………………10, 11, 12

**CLASS ACTION ALLEGATIONS**……………………………………….........12, 13, 14, 15

**COUNT I— 42 U.S.C. §1983 DIRECT VIOLATIONS OF FOURTH, SIXTH, AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION…..15, 16**

**COUNT II— 42 U.S.C. §1983 FOURTH AMENDMENT, FALSE IMPRISONMENT and/or UNLAWFUL DETAINMENT**………………………………………………….…16, 17

**COUNT III—42 U.S.C. §1983 SIXTH AMENDMENT EQUAL PROTECTION FOURTEENTH AMENDMENT AND SUBSTANTIVE DUE PROCESS…………………...17**

**COUNT IV—FALSE LIGHT INVASION OF PRIVACY**…………………………………..18

**PRAYER FOR RELIEF**……………………………………………………………18, 19, 20

**"The Constitution cannot be put away and forgotten"** *Roman Catholic Diocese of Brooklyn v Andrew M Cuomo, Governor of New York, United States Supreme Court, Nov. 2020.*

## CLASS ACTION COMPLAINT

COMES NOW, the Plaintiff on behalf of himself and all others similarly situated and files this Complaint against the Defendants for damages realized as a direct and proximate result of the actions and/or omissions of employees or agents of each Defendant in performing their duties within the course and scope of their employment or agency. The hereinafter events are stated upon information and belief, save any section to which the Plaintiff has personal knowledge.

Plaintiff and putative class members challenge the procedures that led to their prosecution. **Plaintiff and putative class members' constitutional rights were violated as a result of improper procedures. Powers v. Hamilton, 501 F.2d. 592 (6th Cir. 2007).**

Plaintiff and putative class members have sustained concrete injuries due to their loss of personal freedom and property. The wrongful use of an Affidavit of Complaint in place of a constitutionally required arrest warrant/charging instrument is an ongoing policy by the Defendants.

## JURISDICTION AND VENUE

1. The claims advanced herein arise out of certain actions, omissions and conduct by employees of the defendants, which resulted, among other things, in injuries to the Plaintiff and Plaintiff's Class members including payment of fines and imprisonment. The defendants are

6

joined pursuant to the mandatory requirements of the Federal Rule of Civil Procedure 19(B)(i)(ii) and/or Federal Rule of Civil Procedure 20(2)(B).

2. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §§1331 and 1346 (b).

3. Venue is proper within the Middle District of Tennessee pursuant to 28 U.S.C. §1391 (b) (1).

## INTRODUCTION

4. **An Affidavit of Complaint cannot evolve into an arrest warrant. See State v. Ferrante 269 S.W.3d 908 (TN.Sup.Ct. 2008); State v. Shell 512 SW 3d 267 (2016).** This case is about the unconstitutional use of Affidavits of Complaints as arrest warrant/charging instruments in the General Sessions Courts of the Defendants. The Tennessee Highway Patrol has form Affidavits of Complaints. These forms have been used by Tennessee Highway Patrol Officers for decades. During the same time period the Defendants, through their final policy makers, Judges, Clerks and Commissioners of their respective General Sessions Court have not issued arrest warrants, but instead have used the Affidavits of Complaints as arrest warrants/charging instruments in their respective General Sessions Courts.

## PARTIES AND FACTS

5. The Plaintiff, Gary Accord, was arrested by Tennessee Highway Patrolman Paul Kilday on June 29, 2018. Trooper Kilday prepared a complaint-affidavit on A State Of

Tennessee Uniform Citation Form. No arrest warrant/charging instrument was ever prepared or signed by any official of the General Sessions Court of Cocke County, Tennessee.

6. The Plaintiff, Gary Accord, was thereafter prosecuted using the Uniform Citation Form/Affidavit of Complaint as the charging instrument. He was charged with Driving Under the Influence (DUI), which was reduced to reckless endangerment. The Plaintiff was sentenced to eleven months and 29 days in jail (11/29) with a suspended sentence, copy of Uniform Citation Form/Affidavit of Complaint/charging instrument attached hereto as **"Exhibit 1"**.

## GENERAL SESSIONS COURTS

7. The Defendants are local governmental units located within the State of Tennessee. General Sessions Courts are not denominated as state courts; rather they are established and maintained on a county by county basis. General Sessions' judges have their own authority to "adopt such rules as may be necessary to expedite trial and disposal of cases". **Tenn. Code Ann. Sect. 16-15-406, See National Community Bail Fund v. Howard Gentry 446 F. Supp 3rd 382 (2020).**

8. General Sessions Courts are funded by the defendants. T.C.A. 16-15-501. Judges and probable cause clerks are the final policy makers for the defendants in the General Sessions Courts. The General Sessions Courts have limited jurisdiction. The defendants fund the limited jurisdiction courts, counties pay for General Sessions judges' salaries, clerks' salaries and office expenses and courthouses.

9. General Sessions Courts are not courts of record. *State v. McClintock*, 732 S.W. 2d 268 (Tenn. Sup. Ct. 1987). Judges and clerks of the General Sessions Courts are their counties

final decision makers. *Shorts v. Bartholomew*, 278 S.W. 3d 278 (2009); *McNeil v. Community Probation Services* No. 19-5262 (6th Cir. 2019) trials of misdemeanor cases.

10. The use of the Tennessee Highway Patrol form Affidavit of Complaints as arrest warrants has become an official custom and/or policy for all of the defendants. It is well-settled that this unconstitutional use was and is the standard operating procedure for the defendants. This custom is so widespread and well settled as to have become the force of law, even if it has not been formally approved. The defendants knew or should have known of this procedure in their own courts and have acquiesced in the same. The defendants have turned a blind eye to an obvious constitutional violation. The custom and/or policy facially violates the United States and Tennessee Constitutions and has caused Plaintiff and Plaintiff's Class members damages.

11. The judges and clerks are employed by the defendants and have made the deliberate choice to use the Affidavit of Complaints as charging instruments and deliberately bypassed the neutral and detached magistrate standard required by the United States Constitution and the Tennessee Constitution. This deliberate choice represents the official policy of the defendants. In making this choice the judges and clerks were acting solely as county officers and final policy makers for defendants. See *Kneipp v. Tedder* 95 F.3d 199 (3rd Cir. 1996); *Pembauer v. City of Cincinnati* 475 U.S. 469 (1986).

12. The aforesaid decisions, customs and/or policies were the proximate cause of the Plaintiff's and Class members' injuries. The policies of the defendants facially violated and are presently violating constitutional and statutory law.

13. Plaintiff and Plaintiff's Class members allege a substantive due process violation thru the Sixth Amendment as applied to the defendants through the Fourteenth Amendment.

9

14. The constitutional right to be informed of the nature and cause of the accusation entitles the Plaintiff and Class to insist that the charging instrument apprise them of the crime charged with such reasonable certainty that they can make a defense and protect themselves after judgment against another prosecution on the same charge. When an arrest warrant/charging instrument is not issued there can be no valid constitutional notice of charges.

## COMMENCEMENT OF PROSECUTION IN TENNESSEE

15. A lawful accusation is an essential jurisdictional element of a criminal trial, without which there can be no valid prosecution. *State v. Ferrante* 269 S.W. 3d 908 (Tenn. Sup. Ct. 2008); State v. Morgan, 598 S.W. 2d 796, 797 (Tenn. Crim. App. 1979)

16. The Tennessee Supreme Court in *State v. Ferrante,* supra held:

> **"The only purported charging instrument contained in the record before us that was issued prior to the expiration of the limitations period is the affidavit of complaint.**
>
> **We have determined that the affidavit of complaint was void ab initio. It did not, therefore, serve to charge the Defendant with any offense. See State v. Wilson, 6 S.W. 3d 504, 507 (Tenn. Crim. App. 1998) recognizing that "under Tennessee law, if a warrant does not meet procedural and constitutional requirements, it is void").**
>
> **Because the Defendant had not been charged with any offense, his appearances in court were not "for the purpose of continuing the matter" or "for any purpose involving the offense" within the meaning of section -104. Accordingly, his appearances did not serve as a commencement of the prosecution for purposes of tolling the statute of limitations. See Wilson, 6 S.W. 3d at 507 (recognizing that "a void warrant invalidates all subsequent proceedings emanating from the warrant") (citing State v. Campbell, 641 S.W. 2d 890 (Tenn. 1982).**
>
> **CONCLUSION:**
> **A criminal defendant's appearance in court upon a purported charging instrument that is void ab initio does not serve to commence a prosecution**

under Tennessee Code Annotated section 40-2-104 so as to toll the running of the statute of limitations. "

17. The Criminal Court of Appeals in the case of *State v. Gastineau*, No. W2004-02428-CCA-R3 2005 WL3447678 (December 14, 2005) provided:

> "Having found that the State must charge a defendant with the offense, we note that the trial court in the instant case determined that the Affidavit of Complaint was itself the charging instrument noting that "the Affidavit of Complaint was filed in this court jacket. It's filed. It's part of our court system." The appellant argued to the trial court that the Affidavit of Complaint, standing alone, did not provide him with formal notice that he was being charged with the offense. We agree.
>
> Tennessee Rule of Criminal Procedure 3 provides that an Affidavit of Complaint, "is a written statement alleging that a person has committed an offense AND alleging the essential facts constituting the offense charged." "If it appears from the Affidavit of Complaint or supporting affidavits filed with the Affidavit of Complaint that there is probable cause to believe that an offense has been committed and that the defendant has committed it, a warrant for the arrest of the defendant shall be issued." Tenn. R. Crim. P.4(a).
>
> (An arrest warrant serves a dual function, first, as the authority for an arrest… and, secondly, [as] a statement of the charge which the accused is called upon to answer." Tenn. R. Crim. P.4, Advisory Commission Comments. Based upon the facts alleged in the Affidavit of Complaint and any supporting affidavits, a warrant may or may not be issued.
>
> Therefore, an Affidavit of Complaint will not necessarily provide a defendant with notice that he is being charged with an offense, and an Affidavit of Complaint, with nothing more to provide a defendant with notice, is not a charging instrument.") *State v. Gastineau*, No. W2004-02428-CCA-R3 (December 14, 2005).

18. In *State v. Felicia Jones* 512 S.W. 3d 258 (Tenn. Crim. App. 2016) the Court provided:

> The trial court and both of the parties, until this point, have proceeded under the assumption that the form affidavit of complaint constituted an arrest warrant. However, our review of the record reveals that an arrest warrant was never issued in this case.

11

**Tennessee Code Annotated section 40-6-205(a) section 40-6-205(a) provides that if a magistrate is satisfied that there is probable cause "then the magistrate shall issue an arrest warrant." (Emphasis added). This court has previously held that an affidavit of complaint "is not, standing alone, sufficient to provide formal notice of the offense charged" because "an arrest warrant may or may not issue upon the affidavit of complaint." *State v. McCloud*, 310 S.W.3d 851, 860 (Tenn. Crim. Appl. 2009); State v Shell 512 SW 3d 26 (2016).**

19. In *State of Tennessee v. Grieco,* E2015-01110-CCA-3 2017 WL956345 (Tenn. Crim. App. 2019) the court stated:

> **We first want to point out that the State, and apparently the trial court and Defendant, have the mistaken belief that the document which includes the affidavit of complaint, a portion headed "Probable Cause Determination," the waivers and "Judgment" is an arrest warrant. However, no part of this document is an arrest warrant.**

## CLASS ACTION ALLEGATIONS

20. Under Rule 23 of the Federal Rules of Civil Procedure, Plaintiff and Class members bring this action on behalf of:

> **All individuals who have been prosecuted in the General Sessions Courts of the Defendants without the issuance of an arrest warrant.**

21. The following persons are excluded from the Class: (1) All judges, clerks, and employees of the General Sessions Courts of the defendants, and (2) individuals issued citations for traffic tickets.

22. The Class consists of thousands of people over decades geographically dispersed throughout the United States, making the Class so numerous that individual joinder is impractical under Rule 23(a)(1). The Class is ascertainable, as the defendants are required to keep records of each Plaintiff's and Class Members' charges.

23. Numerous questions of law and fact exist that are common to Plaintiff and the Class. The answers to these common questions are significant and will substantially advance adjudication and resolution of this case, and predominate over any questions that may affect only individual Class members, thereby satisfying Rule 23 (a)(2) and 23(b)(3). These common question/common answer issues include:

    (a) Whether the defendant General Sessions Courts had jurisdiction over the Plaintiff and Class members.

    (b) Whether the defendant's use of Affidavits of Complaints as charging instruments violated the United States and Tennessee Constitution and Statutes.

    (c) Whether Plaintiff and Class members are entitled to damages.

24. The factual and legal basis of Defendants' misconduct are common to all members of the Class and represent a common conduct resulting in injury to Plaintiff and Class members.

25. Plaintiff will fairly and adequately represent and protect the interests of Class members, as required by Rule 23(a)(4). Plaintiff has retained counsel with substantial experience in prosecution of nationwide class actions. Plaintiff and his counsel are committed to the vigorous prosecution of this action on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel has interests adverse to the Class.

26. A class action is superior to other available methods for the fair and efficient adjudication of this controversy under Rule 23(b)(3). The class treatment of common question of law and fact is thus superior to multiple individual actions or piecemeal litigation in that conserves the resources of the courts and the litigants, makes access to the court and redress on the merits possible, and promotes consistency and efficiency of adjudication.

27. Plaintiff and Class members seek the certification of a nationwide Class. All questions of law and fact are common to the constitutional violations and predominate over individual questions. This case also presents common issues of fact and law that are each appropriate for issue-class certification under Rule 23(c)(4) and the management of this action may be facilitated through the certification of additional subclasses under Rule 23(c)(5), if necessary and appropriate.

28. Typicality: The claims of the named Plaintiff are typical of the unnamed class members because they have a common factual source and rest upon the same legal and remedial theories, thereby satisfying the requirements of Rule 23(a)(3). For example, the named Plaintiff's claims are typical of the claims of the Class because Plaintiff and all Class members were injured by the same wrongful practices in which the Defendants engaged, namely failing to comply with the basic constitutional and statutory provisions.

29. Adequacy of Representation: The requirements of Rule 23(a)(4) are satisfied in that the named Plaintiff has a sufficient stake in the litigation to prosecute its claims vigorously on behalf of the Class members, and the named Plaintiff's interests are aligned with those of the proposed Class. There are no defenses of a unique nature that may be asserted against any named Plaintiff individually, as distinguished from the other members of the Class, and the relief sought is common to the Class. No named Plaintiff has any interest that is in conflict with or is antagonistic to the interests of the members of the Class, and no named Plaintiff has any conflict with any other member of the Class. Plaintiff has retained competent counsel experienced in class action litigation to represent them and the Class in this litigation.

30. Plaintiff is represented by Gordon Ball of Gordon Ball, LLC, who has extensive experience litigating complex matters in federal court and has extensive knowledge of both the

details of the case and the relevant constitutional and statutory law. (Copy of Gordon Ball's biography attached hereto as "Exhibit 2").

31. Counsel have devoted a significant amount of time and resources to becoming intimately familiar with Defendants' conduct and with all of the relevant state and federal laws and procedures that can and should govern it.

The interests of the members of the Class will be fairly and adequately protected by Plaintiffs and his attorneys.

32. Class treatment under Rule 23(b)(3) is also appropriate because common questions of fact and law predominate in this case. This case turns, for every Plaintiff, on what Defendants' policies and practices are and on whether those policies are lawful.

33. The common questions of law and fact listed above are dispositive questions in the case of every member of the Class. The question of liability and damages can therefore be determined on class-wide basis. Class-wide treatment is a far superior method of determining the content and legality of the Defendants' policies and practices than individual suits by hundreds or thousands of citizens.

Based upon the foregoing, Plaintiff and Class members allege the following causes of action against Defendants:

---

**COUNT I— 42 U.S.C. §1983**
**DIRECT VIOLATIONS OF FOURTH, SIXTH, AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND TENNESSEE CONSTITUTION ARTICLE I, SECTION 7**

---

34. Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

35. The Defendants have directly violated the constitutional rights of the Plaintiff and putative class members under the Fourth, Sixth and Fourteenth Amendments to the United States Constitution. See Bell v. Hood 327 U.S. 678, 66 S.Ct. 773 (1946) and Tennessee Constitution Article I, Section 7.

36. As described more fully above, the Defendants under authority and color of state law deprived Plaintiff and Plaintiff's Class of their liberty and property through the failure to have a neutral and detached magistrate determine probable cause and issue a proper and legal arrest warrant/charging instrument necessary to prosecute in General Sessions Court.

37. The Defendants misconduct directly resulted in the prosecution of Plaintiff and Plaintiff's Class members.

38. As a direct result of this violation of their constitutional right to be free from seizure under the aforesaid constitutional sections the Plaintiff and Plaintiff's Class members have suffered concrete injuries.

39. The misconduct described in this Count was undertaken pursuant to the policy, practice, and custom of each Defendant in the manner described more fully above.

---

### COUNT II— 42 U.S.C. §1983
### FOURTH AMENDMENT, FALSE IMPRISONMENT and/or
### UNLAWFUL DETAINMENT

---

40. Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

41. As described more fully above, the Defendants under authority and color of state law deprived Plaintiff and Plaintiff's Class members of their liberty and property through the

failure to have a neutral and detached magistrate determine probable cause and issue a proper and legal arrest warrant necessary to prosecute in General Sessions Court.

42. The Defendants misconduct directly resulted in the unjust prosecution of Plaintiff and Plaintiff's Class members.

43. As a direct result of this violation of their constitutional right to be free from seizure under the Fourth Amendment the Plaintiff and Plaintiff's Class members have suffered injuries as the result of constitutional violations.

44. The misconduct described in this Count was undertaken pursuant to the policy, practice, and custom of each Defendant in the manner described more fully above.

---

**COUNT III—42 U.S.C. §1983 SIXTH AMENDMENT**
**EQUAL PROTECTION FOURTEENTH AMENDMENT**
**AND SUBSTANTIVE DUE PROCESS**

---

45. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

46. As described more fully above, Defendants, all while acting under color of law denied Plaintiff and Plaintiff's Class members equal protection of the law in violation of their constitutional rights.

47. Specifically, these Defendants actively participated in, or personally caused misconduct in terms of denying Plaintiff and Plaintiff's Class members a judicial finding of probable cause and notice of charges through an arrest warrant/charging instrument.

## COUNT IV—FALSE LIGHT INVASION OF PRIVACY

48. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

49. As described more fully above, Defendants, all while acting under color of law denied Plaintiff and Plaintiff's Class members equal protection of the law in violation of their constitutional rights.

50. Specifically, these Defendants actively participated in, or personally caused misconduct in terms of denying Plaintiff and Plaintiff's Class members a judicial finding of probable cause and notice of charges through a valid arrest warrant/charging instrument.

51. The actions of the Defendants caused the Plaintiff and Plaintiff's Class members of non-public individuals to be placed in a false light before the public, thus invading their privacy (See West v. Media General Convergence, Inc. 53 S.W. 3d 640 (2001).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays:

A. That the summons be issued and that Defendants be duly served with a copy of this Complaint and required to answer same;

B. That the Court find that Defendants have engaged in the constitutional, statutory and common law violations alleged herein;

18

C. That Plaintiff and Plaintiff's Class members be awarded such damages as will fully compensate them for all injuries caused by Defendants actions and that a judgment in favor of Plaintiff and Plaintiff's Class members be entered;

D. That Plaintiff and Plaintiff's Class members be awarded compensatory damages in an amount to be determined by the trier of fact.

E. That Plaintiff and Plaintiff's Class members recover their costs for this suit, including reasonable attorneys' fees and discretionary costs, as provided by law pursuant to 42 U.S.C. 1988. Further, upon Class Certification, Class Counsel be awarded attorney fees from a common fund paid by the Defendants.

F. That Plaintiff and Plaintiff's Class members be awarded pre-judgment and post-judgment interest as permitted by common law or applicable statute and such other or further relief as may be just and proper.

G. That Plaintiff and Plaintiff's Class members be awarded damages for fear, annoyance, disturbance, inconvenience, mental anguish, emotional distress and loss of quiet enjoyment of property.

H. That Plaintiff and Plaintiff's Class members be awarded damages for the following:

    (1) Fine and penalties paid, plus interest;

    (2) Loss of employment;

    (3) Damage to reputation;

    (4) All damages that flowed from Defendants wrongful conduct.

I. That Plaintiff and Plaintiff's Class members are awarded all of the return of monies or properties paid because of the Defendants wrongful action and because the Defendants have been unjustly enriched. The Plaintiff and Plaintiff's Class members have not made a demand for return of their monies from Defendants because such request would be futile.

J. For such other and further relief as the Court shall deem proper, including equitable relief.

By: *s/Gordon Ball*
Gordon Ball, LLC (Bar #001135)
3728 West End Ave.
Nashville, Tennessee 37205
(865) 525-7028

Patrick W. Pendley
Pendley, Baudin & Coffin, LLP
24110 Eden Street
Plaquemine, Louisiana 70764-3713
(225) 687-6396
(Pro Hac Vice forthcoming)