IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GARY ACCORD, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiffs, | ) NO. 3:21-cv-00077 |
| | ) JUDGE RICHARDSON |
| v. | ) ) |
| ANDERSON COUNTY, TENNESSEE, et al. | ) ) ) |
| Defendants. | ) ) ) |

## **MEMORANDUM OPINION**

Pending before the Court are, among other motions, seven Motions to Dismiss (Doc. Nos. 107, 111, 114, 117, 122, 126, 165), one Motion for Judgment on the Pleadings (Doc. No. 157), and one Motion for Summary Judgment. (Doc. No. 98, collectively referred to as "Motions"). For the following reasons, one of the motions to dismiss (Doc. No. 126) will be granted pursuant to Fed. R. Civ. P. 12(b)(1) based on a lack of subject-matter jurisdiction, all but one of the Defendants who did not file that motion to dismiss (Doc. No. 126) likewise will be dismissed (*sua sponte* under Fed. R. Civ. P. 12(h)(3)) for lack of subject-matter jurisdiction, one of the other motions to dismiss will remain pending (albeit only as to the sole remaining Defendant), and all of the other Motions will be denied as moot.

# BACKGROUND[1]

On June 29, 2018, Plaintiff, Gary Accord, was arrested by Tennessee Highway Patrolman Paul Kilday in Cocke County, Tennessee. (Doc. No. 103 at 7). Kilday prepared a complaint-affidavit on a State of Tennessee Uniform Citation Form. (*Id.*). Plaintiff was then prosecuted using the Uniform Citation Form/Affidavit of Complaint as a charging instrument. (*Id.* at 8). Plaintiff was charged with a DUI, which was eventually reduced to reckless endangerment. (*Id.*). He was sentenced to 11 months and 29 days in jail with a suspended sentence. (*Id.*).

Every Defendant in this case is a county in the State of Tennessee, each of which function as a local governmental unit and operate individual General Sessions Courts. (*Id.*). General Sessions Courts have limited jurisdiction and are funded by Defendants. (*Id.*). The use of Tennessee Highway Patrol Affidavit of Complaints as arrest warrants has become an "official custom and/or policy" for Defendants, which bypasses "the neutral and detached magistrate standard required" by both the U.S. and Tennessee Constitution. (*Id.* at 9).

Plaintiff sought to bring a class action against every county in Tennessee, alleging direct violations of the Fourth, Sixth and Fourteenth Amendments, substantive due process violations under the Sixth and Fourteenth Amendment, false imprisonment, and false light invasion of privacy on behalf of himself and all "putative class members [who] were unlawfully seized without an arrest warrant." (*Id.* at 7, 15-17). On behalf of himself and his class members, Plaintiff requests relief in the form of compensatory damages and equitable relief. (*Id.* at 18-19).

---

[1] The facts as stated are taken from the Amended Complaint and accepted as true for purposes of the Motion because, as discussed below, the Court herein is dealing with a facial attack on subject-matter jurisdiction. (Doc. No. 103). The Amended Complaint is the operative complaint in this matter. *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000).

In response, Defendants filed a series of motions seeking to dismiss the case. Defendant Blount County filed a motion for summary judgment. (Doc. No. 98). Defendant Hancock County filed a motion for judgment on the pleadings. (Doc. No. 157). A multitude of other counties filed a motion to dismiss for failure to state a claim under Rule 12(b)(6), (Doc. Nos. 107, 111, 114, 117, 122, 165) and Defendant Knox County filed a motion to dismiss for lack of jurisdiction under Rule 12(b)(1). (Doc. No. 126, "Knox County's Rule 12(b)(1) motion").

## STANDARD

Federal courts must decide jurisdictional questions before considering issues related to the merits of a case. *See In re: 2016 Primary Election*, 836 F.3d 584, 587 (6th Cir. 2016). Therefore, the Court will first consider Defendant Knox County's Rule 12(b)(1) motion.

Rule 12(b)(1) "provides for the dismissal of an action for lack of subject matter jurisdiction." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). "Subject matter jurisdiction is always a threshold determination." *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007). And the party invoking federal jurisdiction has the burden to prove that jurisdiction. *Global Technology, Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015); *Golden v. Gorno Bros.*, 410 F.3d 879, 881 (6th Cir. 2005).

There are two types of motions to dismiss for lack of subject-matter jurisdiction: facial and factual attacks. *Gentek Bldg. Products, Inc. v. Sherman-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). A facial attack questions merely the sufficiency of the pleading. When reviewing a facial attack, a district court takes the allegations in the complaint as true. *Id.* If those allegations establish federally-cognizable claims, jurisdiction exists. *Id.* A factual attack instead raises a factual controversy concerning whether subject-matter jurisdiction exists. *Id.*

Where there is a factual attack on the subject-matter jurisdiction of the court under Fed. R. Civ. P. 12(b)(1), no presumptive truthfulness applies to the complaint's allegations; instead, the court must weigh the conflicting evidence to arrive at the factual predicate that subject-matter jurisdiction does or does not exist. *Gentek Bldg. Products, Inc.*, 491 F.3d at 330. "[T]he district court has considerable discretion in devising procedures for resolving questions going to subject matter jurisdiction[.]" *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 327 (6th Cir. 1990).

Defendant Knox County attacks Plaintiff's Article III standing in particular. This constitutes a challenge to subject-matter jurisdiction, because Article III "[s]tanding is a jurisdictional requirement," and "[i]f no plaintiff has standing, then the court lacks subject-matter jurisdiction." *Tennessee General Assembly v. U.S. Dep't of State*, 931 F.3d 499, 507 (6th Cir. 2019). Like any challenge to subject-matter jurisdiction generally, a challenge specifically to the plaintiff's standing can be in the form of either a facial attack or a factual attack. *Kale v. Procollect, Inc.*, No. 2:20-CV-2776-SHM-TMP, 2021 WL 2784556, at *2 (W.D. Tenn. July 2, 2021) ("Challenges to standing can be facial or factual."); *In re Saffold*, 373 B.R. 39, 43 (Bankr. N.D. Ohio 2007) ("A challenge to standing may be either a facial attack on a pleading or a factual attack.").

"A facial attack on standing challenges the legal sufficiency of the complaint, whereas a factual challenge against standing questions whether the complaint's factual assertions reflect reality." *Shumway v. Neil Hosp., Inc.*, No. 121CV01059STAJAY, 2021 WL 5181754, at *1 (W.D. Tenn. Nov. 8, 2021) (citing *Ohio Nat. Life Ins. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). A review of Knox County's Rule 12(b)(1) motion, and the brief in support thereof (Doc. No. 127), reveals that it is a facial rather than a factual challenge.

Therefore, the Court will consider only the sufficiency of the Amended Complaint and "accept the allegations set forth in th[at] complaint as true." *Gaylor*, 582 F. App'x. at 579.

## DISCUSSION

Defendant Knox County challenges Plaintiff's Article III standing on a few different grounds,[2] the most persuasive of which is the argument that Plaintiff failed to allege that Knox County "violated his rights or caused him any injury." (Doc. No. 127 at 5). Defendant Knox County also argues that "it matters not that Plaintiff Accord seeks to represent a class." (*Id.*). By this, Defendant Knox County appears to mean essentially that Plaintiff Accord cannot get around a lack of standing by the expedient of asserting his claims as part of a class action having class members who do have standing on which he can piggyback, because he "must be part of the class and possess the same interest and suffer the same injury as the class members." (*Id.*) (quoting *East Tex. Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977)). Plaintiff did not respond to the substance of this argument, which would normally mean Plaintiff has conceded that argument. *See AK v. Behav. Health Sys., Inc.*, 382 F. Supp. 3d 772, 774 (M.D. Tenn. 2019) ("[W]hen a party fails to respond to an argument, that argument is generally deemed to be unopposed and the proposition conceded"). Nonetheless, the Court will analyze Defendant Knox County's argument that Plaintiff cannot allege standing.

"Threshold individual standing is a prerequisite for all actions, including class actions." *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 423 (6th Cir. 1998). There are three elements of standing: (1) Plaintiff suffered an injury in fact, (2) that is fairly traceable to the challenged

---

[2] The Court will decline to consider Defendant Knox County's other arguments for why the Court lacks subject-matter jurisdiction, as the present argument is dispositive to the question of whether or not the Court can proceed to hear this case.

conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Plaintiff bears the burden of demonstrating each of these elements. *See Hosp. Auth. of Metro. Gov't of Nashville v. Momenta Pharms., Inc.*, 353 F. Supp. 3d 678, 687 (M.D. Tenn. 2018). Defendant Knox County argues Plaintiff has not alleged an injury "fairly traceable" to its conduct, and therefore cannot establish all three elements of standing.

The necessity of Plaintiff alleging *his own* standing is not somehow diminished by his bringing this action on behalf of a putative class. As one district court explained recently:

> "On a motion to dismiss a putative class action complaint, courts may only consider the allegations of the named plaintiffs, and not the generalized allegations of unnamed plaintiffs or putative class members." *Tatum v. Chrysler Grp. LLC*, No. 10-cv-4269, 2012 WL 6026868, at *4 (D.N.J. Dec. 3, 2012).
>
> In addition, when a class-action complaint asserts claims against multiple defendants, "a named plaintiff must have a valid cause of action against each defendant, and cannot rely on the allegations of putative class members if he or she does not also have a claim against that defendant." *Crissen v. Gupta*, 994 F. Supp. 2d 937, 946 (S.D. Ind. 2014).

*Ewalt v. Gatehouse Media Ohio Holdings II, Inc.*, No. 2:19-CV-4262, 2021 WL 825978, at *3 (S.D. Ohio Mar. 4, 2021).

This means several things about class actions and the plaintiffs (potential class representatives) who bring them. First, a "potential class representative must demonstrate individual standing *vis-a-vis* the defendant." *Fallick*, 162 F.3d at 423. Indeed, "[p]otential class representatives must establish standing vis-à-vis *each* defendant; they cannot acquire standing simply by virtue of bringing a class action." *Raymo v. FCA US LLC*, 475 F. Supp. 3d 680, 693 (E.D. Mich. 2020) (emphasis added) (citing *Fallick*, 162 F.3d at 423)). Second, a potential class representative "cannot acquire such standing merely by virtue of bringing a class action." *Fallick*, 162 F.3d at 423. Third, such a plaintiff " 'cannot represent those having causes of action against

other defendants against whom the plaintiff has no cause of action and from whose hands he suffered no injury.' This is true even though the plaintiff may have suffered an injury identical to that of the other parties he is representing." *Thompson v. Bd. of Educ. of Romeo Cmty. Sch.*, 709 F.2d 1200, 1204 (6th Cir. 1983) (quoting *LaMar v. H & B Novelty & Loan Company*, 489 F.2d 461, 462 (9th Cir. 1973)).

Collectively this means that Plaintiff, even though he is bringing a putative class action, must allege an injury at the hands of each named Defendant. He has failed to do so with respect to all but one Defendant. Plaintiff's Amended Complaint alleges he suffered an injury at the hands of—because of the conduct of — only a single Defendant: Cocke County, where allegedly he was arrested and ultimately prosecuted.

Notably there are two exceptions to the principle outlined in *Thompson*: "(1) [s]ituations in which all injuries are the result of a conspiracy or concerted schemes between the defendants at whose hands the class suffered injury; and (2) [i]nstances in which all defendants are juridically related in a manner that suggests a single resolution of the dispute would be expeditious." *Thomspon*, 709 F.2d at 1204-05. Plaintiff makes no argument that either exception would apply, but the Court will assess their applicability to the present action on its own.

There are no allegations of a conspiracy or concerted scheme in this case, so the first exception is clearly inapplicable. The second exception is more promising for Plaintiff, but also ultimately does not apply. The second exception actually encompasses what are in essence two sub-exceptions ("sub-exception (a)" and "sub-exception (b)"), in that it relates to situations in which either: (a) there is a contractual obligation among all defendants, or (b) the defendants are all officials of a single state that have been charged with enforcing a state statute or common rule or practice of state-wide application. *See Mull v. All. Mortg. Banking Corp.*, 219 F. Supp. 2d 895,

908-09 (W.D. Tenn. 2002) (citing *Thompson*, 709 F.2d at 1205, and *United States v. Trucking Employers, Inc.*, 75 F.R.D. 682 (D.D.C. 1977)); *see also Thompson*, 709 F.2d at 1205 (quoting *Mudd v. Busse*, 68 F.R.D. 522, 527–28 (N.D. Ind. 1975)). If there is a basis in the Amended Complaint for the applicability of the second exception, it is to be found in the following allegations:

> 10. The use of the Tennessee Highway Patrol form Affidavit of Complaints as arrest warrants has become an official custom and/or policy for all of the defendants. It is well-settled that this unconstitutional use was and is the standard operating procedure for the defendants. This custom is so widespread and well settled as to have become the force of law, even if it has not been formally approved. The defendants knew or should have known of this procedure in their own courts and have acquiesced in the same. The defendants have turned a blind eye to an obvious constitutional violation. The custom and/or policy facially violates the United States and Tennessee Constitutions and has caused Plaintiff and Plaintiff's Class members damages.
>
> 11. The judges and clerks are employed by the defendants and have made the deliberate choice to use the Affidavit of Complaints as charging instruments and deliberately bypassed the neutral and detached magistrate standard required by the United States Constitution and the Tennessee Constitution. This deliberate choice represents the official policy of the defendants. In making this choice the judges and clerks were acting solely as county officers and final policy makers for defendants.

(Doc No. 103 at 9). These allegations clearly do not implicate sub-exception (a), as they make no reference whatsoever to any contractual obligation among any Defendants. They also are insufficient to implicate sub-exception (b). *Thompson* helps illustrate why.

In *Thompson*, the Sixth Circuit held that the second exception did not apply to a situation in which multiple schoolboards across Michigan had allegedly discriminated against pregnant employees. 709 F.2d. at 1205. *Id.* Focusing on sub-exception (b) in particular, the court explained:

> this case does not involve a state statute or uniform policy being applied statewide by the defendants. Each school board adopted its own maternity leave policies to be applied to the teachers within that particular school district. A separate determination will have to be made by the district court with respect to each set of

> policies to decide whether, in fact, they treated pregnancy differently from other temporarily disabling conditions.

*Id*, at 1205. Then, having dispensed with sub-exception (b), the court held more broadly that "[t]his type of situation does not involve [the second exception]." *Id.*

Likewise, the situation alleged by Plaintiff is insufficient to implicate the second exception. It stands to reason that each county (Defendant) would be making an individual choice to adopt the usage of Affidavits of Complaint as arrest warrants, and nothing in the Amended Complaint suggests otherwise. To the contrary, the Amended Complaint suggests that each Defendant made its own respective choice about this, through its own particular decisionmakers, on behalf of itself only. (Doc. No. 103 at 7) ("Defendants, through their final policy makers, Judges, Clerks and Commissioners of their respective General Sessions Court have not issued arrest warrants, but instead have used the Affidavits of Complaints as arrest warrants/charging instruments in their respective General Sessions Courts."); *id.* at 8 ("General Sessions Courts are not denominated as state courts; rather they are established and maintained on a county by county basis. General Sessions' judges have their own authority to adopt such rules as may be necessary to expedite trial and disposal of cases" (internal quotation marks omitted)); *id.* ("Judges and probable cause clerks are the final policy makers for the defendants in the General Sessions Courts. . . . Judges and clerks of the General Sessions Courts are their counties final decision makers."); *id.* at 9 ("The judges and clerks are employed by the defendants and have made the deliberate choice to use the Affidavit of Complaints as charging instruments . . . . This deliberate choice represents the official policy of the defendants. In making this choice the judges and clerks were acting solely as county officers and final policy makers for defendants.") And tellingly, in his statement of common issues that would support class certification under Rule 23(a)(2), (Doc. No. 103 at 12-13), Plaintiff does not identify as even an issue the question of whether there was a common (*i.e.*, uniform and statewide)

policy that all Defendants were following. Such absence is telling; surely this would have been at the top of Plaintiffs' list of common issues if he actually contended that a uniform and statewide policy was being applied.

With neither exception to *Thompson* being applicable to the case, the Court must find that Plaintiff was required to allege his own cause of action against each individual Defendant. *See Ewalt*, 2021 WL 825978, at *3. To the extent that Plaintiff failed to do so as to particular Defendants, such Defendants must be dismissed for lack of subject-matter-jurisdiction. The only Defendant Plaintiff adequately alleged standing to bring a claim against is Cocke County. For that reason, all other Defendants in this case will be dismissed, as the Court does not have subject-matter jurisdiction over the claims against them. In other words, all other Defendants (except Cocke County) must be dismissed by the Court *sua sponte* pursuant to Fed. R. Civ. P. 12(h)(3) despite not having themselves asserted a lack of subject-matter jurisdiction.[3]

## CONCLUSION

For the reasons indicated herein, Knox County's Rule 12(b)(1) motion (Doc. No. 126) will be **GRANTED**, and as a result all claims against Knox County will be **DISMISSED without prejudice** for lack of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). Likewise, all claims against all other Defendants **except Cocke County and Knox County** will be

---

[3] The Court acknowledges that the other Defendants that will be dismissed did not bring (or join in) a motion to dismiss for lack of subject-matter jurisdiction. However, a court may raise the issue of standing *sua sponte* since it relates to the question of whether the Court has subject-matter jurisdiction, and if that question is answered in the negative, "the only function remaining to the court is that of announcing the fact and dismissing the case." *Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 607 (6th Cir. 2007) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)). Indeed, the court must act to dismiss claims to the extent that it perceives that it lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

**DISMISSED without prejudice** by the Court *sua sponte* for lack of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).

The following pending motions will thus be denied as moot: Blount County's Motion for Summary Judgment (Doc. No. 98), Davidson County's Motion to Dismiss for Failure to State a Claim (Doc. No. 107), Coffee County's Motion to Dismiss for Failure to State a Claim (Doc. No. 111), Roane County's Motion to Dismiss for Failure to State a Claim (Doc. No. 114), Wilson County's Motion to Dismiss for Failure to State a Claim (Doc. No. 122), Hancock County's Motion for Judgment on the Pleadings (Doc. No. 157) and Knox County's Motion to Dismiss for Failure to State a Claim (Doc. No. 165). The pending motion to dismiss in which Cocke County joined (Doc. No. 117) will remain pending only as to Cocke County, and the Court will address it at a later date.

Knox County will remain a party to the case to allow the Court to resolve its pending Motion for Sanctions. (Doc. No. 145). Otherwise, all Defendants other than Cocke County will be terminated as parties.

An appropriate order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE