IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GARY ACCORD, individually and on behalf of all others similarly situated, ) ) ) Plaintiffs, ) ) v. ) ) ANDERSON COUNTY, TENNESSEE, et al. ) ) ) Defendants. ) ) | NO. 3:21-cv-00077 JUDGE RICHARDSON |

# **MEMORANDUM OPINION and ORDER**

Pending before the Court is Defendant Cocke County's "Motion to Dismiss." (Doc. No. 117, "Rule 12(b)(6) motion"). Plaintiff filed a response (Doc. No. 132), and Defendant filed a reply. (Doc. No. 138). Additionally, Defendant Cocke County (hereinafter, "Cocke County") filed a so-called "supplement" to the Rule 12(b)(6) motion "to assert the alternative theory that venue is now improper" such that this action should be dismissed or transferred, (Doc. No. 172, "Venue motion"), to which Plaintiff responded. (Doc. No. 174). While Cocke County presented the Venue motion as a supplement to the Rule 12(b)(6) motion, the Court will treat it as a separate, additional motion. In this order, the Court addresses only the Venue motion, which will be denied for the reasons discussed below.

**FACTUAL AND PROCEDURAL BACKGROUND**[1]

On June 29, 2018, Plaintiff, Gary Accord, was arrested by Tennessee Highway Patrolman Paul Kilday in Cocke County, Tennessee. (Doc. No. 103 at 7). Kilday prepared a complaint-affidavit on a State of Tennessee Uniform Citation Form. (*Id.*). Plaintiff then was prosecuted using the Uniform Citation Form/Affidavit of Complaint as a charging instrument. (*Id.* at 8). Plaintiff was charged with a DUI, which was eventually reduced to reckless endangerment. (*Id.*). He was sentenced to 11 months and 29 days in jail with a suspended sentence. (*Id.*).

Plaintiff filed the present case on February 1, 2021 as a class action complaint against every county in Tennessee (but no one else).[2] Thereafter, he filed an Amended Complaint against the same Defendants, therein asserting the following four counts, respectively: (1) violations of the Fourth, Sixth and Fourteenth Amendments; (2) substantive due process violations under the Sixth and Fourteenth Amendment; (3) false imprisonment; and (4) false light invasion of privacy. Various Defendants filed motions to dismiss, including the Rule 12(b)(6) motion, which was filed collectively by most of the Defendants, including Cocke County, and asserted several different purported bases for dismissal. Ultimately, during its review of some of these motions, the Court determined that Plaintiff had failed to establish standing to bring a claim against any Defendant *except* Cocke County. (Doc. No. 168 at 11). Accordingly, the Court ordered that all Defendants except Cocke County be dismissed (and administratively terminated as parties)[3] and that the Rule 12(b)(6) motion remain pending only as to Cocke County. (Doc. No. 169).

---

[1] The facts as stated are taken from the Amended Complaint and accepted as true for purposes of the Motion.

[2] Thus, every Defendant was a Tennessee county, and every Tennessee county was a Defendant.

[3] One of the dismissed Defendants, Knox County, was not immediately terminated as a party in the relevant order due to a pending Motion for Sanctions it had filed. (Doc. No. 168 at 11). However, upon Knox County's withdrawal of the sanctions motion, it was also terminated as a Defendant. (Doc. No. 173).

Cocke County, the only remaining Defendant, subsequently filed a purported "supplement" to its Rule 12(b)(6) motion—*i.e.*, the Venue motion—to request dismissal under Rule 12(b)(3) based on allegedly improper venue, or alternatively, a transfer of venue to the Eastern District of Tennessee pursuant to 28 U.S.C. § 1406(a). (Doc. No. 172). As noted above, the Court will treat this, not as a supplement, but as a separately filed additional motion on venue.

## DISCUSSION

The Amended Complaint states that "[v]enue is proper within the Middle District of Tennessee pursuant to 28 U.S.C. §1391 (b) (1)." (Doc. No. 103 at 7). Under Section 1391(b), venue is appropriate under one of three scenarios:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). When the action was initially filed, there were dozens of Defendants, including some that clearly "resided" in the Middle District of Tennessee.[4] However, after the Court's recent determination that Plaintiff did not establish standing against the majority of Defendants, only one remains: Cocke County. In its supplement to the Motion, Cocke County

---

[4] As should come as no surprise, a party that is a county (or, to identify the party more precisely, a county government), "resides" in the judicial district in which the county has been placed by federal statute. *See Dalton v. Atchison*, No. CV-16-08014-PCT-JZB, 2016 WL 3440106, at *4 n.3 (D. Ariz. June 23, 2016). However, as the Court notes, this judicial district is not the only district a county or county government may be deemed to reside for venue purposes.

argues that "venue is no longer proper as Cocke County is located in the judicial district for the Eastern District of Tennessee rather than the Middle District of Tennessee." (Doc. No. 172 at 2).[5]

This argument fails to consider Section 1391(c)(2), which addresses residency for venue purposes for defendants (like Cocke County) that are not natural persons. That subsection provides:

> [A]n entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . .

28 U.S.C. § 1391(c)(2). It is not disputed that the Middle District of Tennessee has personal jurisdiction over Cocke County, and therefore under 28 U.S.C. § 1391(c)(2) Cocke County is properly deemed a resident of the Middle District (as well as the Eastern District and, for that matter, the Western District) for venue purposes, including for purposes of applying Section 1391(b). Even assuming *arguendo* that the Court should make a venue determination under Section 1391(b) based on the residence of Cocke County only and not all of the original Defendants (the kind of thing some courts have been known to do)[6], venue in this case is proper in the Middle

---

[5] Specifically, by statute, Cocke County is part of the Northeastern Division of the Eastern District of Tennessee. 28 U.S.C. § 123(a)(2).

[6] For cases where a court has reassessed venue after dismissal of some, but not all, defendants in a case see e.g. *Diamond Transportation Logistics, Inc. v. Kroger Co.*, No. 2:19-CV-5448, 2020 WL 11885918, at *3 (S.D. Ohio June 17, 2020) ("Diamond contends that Kroger is a resident of the Southern District of Ohio and that both Kroger and Granite—the only remaining defendants—are subject to this Court's personal jurisdiction, allowing for venue under § 1391(b)(1)."); *Blayde v. Harrah's Tunica Corp.*, No. 2:08-cv-02798-BBD-egb, 2009 WL 10698645, at *5 (W.D. Tenn. June 23, 2009) ("Therefore, the Court finds that with respect to the remaining Defendants, Plaintiff has satisfied the two prongs of § 1391(b)(1) and venue is properly laid in the Western District of Tennessee."); *Limbright v. Hofmeister*, No. 08-12336, 2009 WL 915803, at *8 (E.D. Mich. Mar. 31, 2009), *opinion clarified on denial of reconsideration*, No. 08-12336, 2009 WL 1035961 (E.D. Mich. Apr. 16, 2009) ("Venue in this district as to the remaining defendants is proper because a 'substantial part of the events giving rise to the claim arose.' 28 U.S.C. § 1391(a)(2)"); *Bryan v. Hyatt Corp.*, No. 07-CV-11955, 2008 WL 205246, at *3 (E.D. Mich. Jan. 24, 2008) ("[A]ssuming Jane Doe was dismissed from this lawsuit under Rule 4(m), making this judicial district appropriate under

District of Tennessee pursuant to 28 U.S.C. § 1391(b)(1) as Cocke County technically resides in the Middle District of Tennessee. For that reason, the Court will deny Cock County's motion to dismiss for improper venue under 28 U.S.C. § 1406(a).

Nonetheless, a district court is empowered to transfer a civil action to another appropriate district *sua sponte* under 28 U.S.C. § 1404(a) "[f]or the convenience of and witnesses." *See generally Krawec v. Allegany Co-op Ins. Co.*, No. 1:08-CV-2124, 2009 WL 1974413, at *3 (N.D. Ohio July 7, 2009) ("A district court may transfer a case sua sponte pursuant to 28 U.S.C. § 1404(a) to any forum in which the plaintiff had the initial right to bring suit 'independently of the wishes of defendant.'") (quoting *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960)). But the court should first provide the parties with notice of this consideration and an "opportunity to be heard on the matter." *Id.* (quotations omitted); *see also Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 (6th Cir. 2006) (noting that a court considering *sua sponte* transfer should inform the parties and allow them to voice their views).

It appears to this Court that the Eastern District of Tennessee may very well be a more appropriate venue for this case as it proceeds. All current parties to the case reside in the Eastern District, specifically Cocke County,[7] and based on the relevant facts alleged in the Amended Complaint, it appears that the majority of evidence would be found within Cocke County. For that reason, the Court is considering *sua sponte* transferring this case under 28 U.S.C. § 1404(a) and

---

§ 1391(a) as a district where the remaining defendant [] resides."). The Court does not perceive these courts as necessarily *holding* that venue must be determined based solely on the residence of the remaining (non-dismissed) defendants, but at least as assuming *arguendo* that this is the proper approach. Ultimately, the Court need not decide whether it is the proper approach because even if it is—which if anything would tend to *minimize* the chance that venue is properly laid in any particular district— venue is properly laid in this district for the reasons discussed above.

[7] Plaintiff's civil cover sheet, which was filed with his original Complaint, lists Cocke County as his "County of Residence." (Doc. No. 1-3).

will make its final determination on whether transfer is appropriate after the parties are provided an opportunity to share their views on the matter.

## CONCLUSION

This district is not an *improper* venue, but it strikes the Court as likely far from the best venue. Accordingly, and for the reasons further discussed above:

1) the Court **DENIES** Defendant Cocke County's Venue motion (Doc. No. 172).

2) As the Court is instead considering *sua sponte* transferring this case to the Eastern District of Tennessee under 28 U.S.C. § 1404(a), each party may file, by February 18, 2022, a notice of its position (and the basis therefor) regarding the potential transfer of this case to the Eastern District of Tennessee.

3) Cocke County's Rule 12(b)(6) motion (Doc. No. 117) will remain pending until the Court has reached a decision on whether to transfer this action *sua sponte*. If the Court does not decide to transfer this case to the Eastern District, it will proceed with consideration of Defendant's Rule 12(b)(6) motion.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE